## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **GREGORY EDWARD ANDERSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:15-cv-13582** |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **RENTGROW, INC. d/b/a YARDI** | ) | |
| **RESIDENT SCREENING** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

### PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, *as amended*.

### THE PARTIES

2.      Plaintiff Gregory Edward Anderson is an adult individual who resides in Washington, DC.

3.      Defendant RentGrow, Inc. d/b/a Yardi Resident Screening (hereafter "RentGrow") is a consumer reporting agency which has its headquarters located at 307 Waverly Oaks Road, Suite 301, Waltham, MA 02452.

### JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

6.      Defendant has been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

7.      The inaccurate information includes, but is not limited to criminal convictions which are not convictions against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

8.      Defendant, however, has been inaccurately reporting these criminal charges on Plaintiff's consumer report.

9.      Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

10.     Specifically, in or around March 2015, Plaintiff applied for and was denied apartments with Flats 130 at Constitution Square.

11.     The basis for this denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial.

12.     Further, in connection with Plaintiff's request for his consumer file, Defendant failed to provide Plaintiff a complete and proper copy of his file.

13.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

14.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – RENTGROW
## VIOLATIONS OF THE FCRA

16.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

18.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

21.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. § 1681g.

22.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

23.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)  Actual damages;

(b)  Statutory damages;

(c)  Punitive damages;

(d)  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e)  Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,


/s/  *Danielle M. Spang*
Danielle M. Spang (BBO #684365)
LAW OFFICE OF DANIELLE SPANG
P.O. Box 183
Somerville, MA 02143
Tel. (617) 612-5291
Fax (855) 220-3375
dspang@spanglawoffice.com

Dated: October 15, 2015